UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN SCOTT HEARINGTON,

        Plaintiff,                    Case No. 2:13-cv-240

v.                                     Honorable R. Allan Edgar

HARESH PANDYA et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought a state prisoner who is represented by Attorney Shirley J. Burgoyne. Plaintiff has paid the entire filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint on immunity grounds against Defendant Michigan Department of Corrections. The Court will serve the complaint against the remaining Defendants.

**Discussion**

      I.        Factual allegations

Plaintiff Hearington presently is incarcerated at the G. Robert Cotton Correctional Facility but complains of events that occurred at the Marquette Branch Prison (MBP) and Kinross Correctional Facility (KCF). In his complaint, Plaintiff sues Michigan Department of Corrections (MDOC), Corizon, Inc., MDOC Regional Medical Officer Dr. Haresh Pandya, MBP Physician Assistant Joshua Kocha, KCF Dr. Timothy Stallman and KCF Nurses Susan Wilson, Penny Rogers and Wendy Ball for violating his Eighth Amendment rights.

On February 26, 2010, while housed at KCF, an inmate struck Plaintiff on the right side of his head with a ten pound weight. The blow knocked Plaintiff unconscious. Plaintiff was immediately transported to the War Memorial Hospital, and, then, to the Northern Michigan Hospital for a decompressed skull fracture. Plaintiff underwent surgery to remove bone fragments from his skull and to repair a dural laceration. After he was released from the hospital, Plaintiff was transferred to MBP. On July 21, 2010, Plaintiff returned to the hospital for surgery to place a titanium mesh plate over the wound. On August 21, 2010, Plaintiff learned that the wound was slightly opened. The surgeon recommended that Plaintiff see a plastic surgeon to cover the wound with a skin graft.

From February 26, 2010 to August 21, 2010, Plaintiff was medicated with the drug Norco for severe headaches. On August 21, 2010, Plaintiff states that Defendant Kocha removed him from the drug without an adequate replacement for the pain of his headaches. Plaintiff also complains that Kocha did not refer him to a plastic surgeon for his skin graft.

On August 30, 2010, Plaintiff was transported to KCF. In September 2010, Plaintiff developed a severe infection in the wound. Defendant Wilson treated the wound with Silvadene to no avail. Defendant Wilson eventually referred Plaintiff to Dr. Stallman. Later that month, Dr. Stallman examined Plaintiff's wound and noted that Plaintiff needed a skin graft. While Dr. Stallman initially requested a skin graft, he withdrew the request on October 11, 2010. Defendant Pandya also visited Plaintiff at KCF in October 2010 but did not order a skin graft. Stallman, Rogers and Wilson assured Plaintiff that his skin would grow over the wound but it never did.

In January and February 2011, Plaintiff experienced multiple painful infections in his wound. On February 25, 2011, Plaintiff states that the infection was so severe, Defendant Wilson had to drain it with a needle. In March 2011, Corizon, Inc., approved Plaintiff's appointment with a plastic surgeon for a skin graft. Plaintiff complains that the repeated infections and eight months without a skin graft caused him to require treatment using a muscle flap. In September 2011, Plaintiff was informed that he would need to have the muscle flap surgery.

In November 2011, Plaintiff was transferred to the G. Robert Cotton Correctional Facility. In January 2013, Plaintiff received a consultation with a plastic surgeon and neurosurgeon. On March 8, 2012, Plaintiff underwent the muscle flap surgery, and, then, an unspecified second surgery at the University of Michigan Hospital. Those surgeries required the removal of the plate, bone and muscles, leaving Plaintiff severely scarred. In April 2012, the hospital released Plaintiff.

For his Eighth Amendment claims, Plaintiff requests declaratory relief and monetary damages.

## II. Immunity

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

## III. Service

At this stage of the case, the Court finds that Plaintiff's allegations against Defendants Corizon, Inc., Pandya, Kocha, Stallman, Wilson, Rogers and Ball are sufficient to warrant service of the complaint.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Michigan Department of Corrections will be dismissed pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c) because it is immune from suit. The Court will serve the complaint against Defendants Corizon, Inc., Pandya, Kocha, Stallman, Wilson, Rogers and Ball.

An Order consistent with this Opinion will be entered.


Dated:       8/26/2013                           */s/ R. Allan Edgar*
                                                 R. Allan Edgar
                                                 United States District Judge